UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,

v.                                         Case No. 11-20673

COLBY ANTHONY SKIPPERGOSH,          HON. AVERN COHN

     Defendant.

_____/

## SENTENCING MEMORANDUM

### I.

     This is a criminal case.  On May 3, 2012 defendant was convicted by a jury of assault by striking, beating or wounding, in violation of 18 U.S.C.§ 113(a)(4).  This was a lesser offense of the crime charged in count 1 of the indictment, assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6).  The jury acquitted defendant of a violation of 18 U.S.C. §113(a)(3), assault with a dangerous weapon with intent to do bodily harm, which was charged in count 2 of the indictment.  The maximum sentence for the offense of conviction is six months imprisonment.  On September 28, 2012, the Court sentenced defendant to a probationary term of six months.

The Court stated its reasons for the sentence from the bench.  This memorandum supplements the reasons.

### II.

     The incident which triggered defendant's indictment occurred on October 8, 2011, in Mount Pleasant, Michigan, in the Northern Division of the Eastern District.

Defendant was indicted on October 26, 2011.

Much earlier, on September 22, 2006, defendant was indicted in the District of Wyoming (Cheyenne) on a charge of involuntary manslaughter, in violation of 18 U.S.C. §1112(a). This crime occurred on September 7, 2006. Defendant accidentally drove a car into a river; a woman companion in the car died as a result of the accident. Defendant was sentenced to a 57 month custodial term to be followed by a three (3) year term of supervised release after pleading guilty to the charge. Defendant began his term of supervised release on February 4, 2001. He formerly lived in Lansing, Michigan. On March 16, 2011, jurisdiction over the supervised release was transferred to the Western District of Michigan.

As a consequence of the Mount Pleasant assault, defendant, on October 21, 2011, was charged in the Western District of Michigan with violating the terms of his supervised release ("the defendant shall not commit another federal, state or local crime"). Both 18 U.S.C. §113(a)(3) and 18 U.S.C. §113(a)(6) were cited. This was five days prior to his indictment in this District.

On October 25, 2011, the charge of violating supervised released was amended to include leaving the Western District of Michigan without permission, failing to participate in a drug testing program, possession of marijuana and possession of a controlled substance. This amended charge came one day prior to his indictment in this District.

On December 1, 2011, in the Western District, defendant pled no contest to the charge of committing another crime, and guilty to the other charges of violating conditions of supervised release. Defendant was sentenced to a one (1) year custody

2

term.  The Judgment In A Criminal Case, Case No. 1:11-pt-0004 (Doc. 18) does not state which statutory violation was the basis of the sentence.  It only states:

> "On/about October 8, 2011, defendant physically assaulted
> Keith Ellis Bertrand."

III.

At sentencing in this case, the Court noted that the 12 month sentence that defendant received for violating the terms of his supervised release was likely predicated on the incident which formed the basis of the indictment in this case.  In particular the Court noted that the punishment imposed for the supervised release violation was in excess of the statutory maximum for the crime of conviction in this case. It is clear that defendant has been fully punished for the crime of conviction.  Any additional custody term would have been excessive.

It should also be noted that at sentencing, the government in allocution described to the Court in some detail its disappointment in the sentence based on its investigation of the involuntary manslaughter incident.  The government advised the Court that while defendant in his testimony in this case described the death of the victim in the accident as caused by drowning, the autopsy stated she died by a blunt blow to her head.  The record from the District of Wyoming does not state that, nor does the Presentence Report.

It is fair to say that if the government viewed the inconsistency between defendant's testimony in this case, and the facts in the involuntary manslaughter incident should be a factor to be considered at the sentencing, it should have objected to the description in the presentence report and filed a sentencing memorandum.  It did

neither.

Overall, after considering the sentencing factors under 18 U.S.C. § 3553(a), the Court is satisfied in the totality of the circumstances of this case that a probationary sentence is appropriate.

S/Avern Cohn
Avern Cohn
United States District Judge

Dated: October 9, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 9, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry/for Julie Owens
Case Manager